# IN THE COURT OF APPEALS OF IOWA

No. 17-1660
Filed January 24, 2018

**IN THE INTEREST OF N.S. and T.B.,**
**Minor Children,**

**T.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Misty D. White of White-Reinier Law Office, Sigourney, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find the mother was unable to meet the children's needs and failed to recognize the safety concerns related to criminal activity in the home. We affirm the juvenile court decision terminating the mother's parental rights.

## I.     Background Facts & Proceedings

T.B. is the mother of N.S., born in 2012, and T.B., born in 2015. The family came to the attention of the Iowa Department of Human Services in September 2015, when both children displayed developmental delays and were very underweight. N.S. had several special medical needs, which the mother had not addressed. The family was living with the maternal grandmother in what was described as a "flop house" for people with criminal and violent histories. The children were removed from the mother's care on November 19, 2015. The children were adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(c)(2) (2015).

The mother participated in services to improve her parenting skills. The children were returned to the mother's care in the dispositional order, filed on January 14, 2016. The mother and children resided with the maternal grandmother, and there continued to be problems with criminal activity associated with the home, including evidence of marijuana use and the sale of marijuana. The children were again removed from the mother's care on February 25, 2016, and placed in foster care.

The mother had a psychological evaluation in July 2016. The psychologist stated, "Psychological testing placed her in the intellectually disabled range, which supports that she will likely have difficulty not only caring for two young children but perhaps herself as well." There were concerns about the mother's ability to meet the children's medical needs and to keep them safe. In October 2016, the mother, together with the maternal grandmother, moved from Grinnell to Dubuque, which limited the mother's visitation with the children. She did not attend parenting class, missed some appointments, and frequently left visitation early.

On January 19, 2017, the State filed a petition seeking to terminate the mother's parental rights. After a hearing, the juvenile court terminated the mother's parental rights under section 232.116(1)(f) (N.S.) and (h) (T.B) (2017). The court found, "Mother's intellectual disabilities make it impossible for her to parent two young children on her own. Mother's dependence on her mother and family to assist her in parenting creates additional risks for the children when they continue to engage in a criminal lifestyle." The court found termination was in the children's best interests as the mother had demonstrated an inability to provide for the children's needs. The mother appeals the juvenile court's decision.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or

substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Best Interests

The mother claims termination of her parental rights is not in the children's best interests. She states her parental rights should not be terminated based simply on her intellectual disability. She states she has a close bond with the children. The mother asks to have the children placed in a guardianship with a family member, rather than terminating her parental rights.

In considering a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

We find termination of the mother's rights is in the children's best interests. The mother's rights are not being terminated based only on her intellectual abilities but instead based on her inability to meet the children's needs. In particular, N.S. has special medical needs the mother did not understand and was unable to address. Furthermore, the mother continued to rely on her family for assistance, despite the ongoing criminal problems of those family members. The mother failed to recognize the safety concerns related to criminal activity in the home. The children need permanency and stability due to their medical and

developmental problems.  We find a guardianship with a family member would not be appropriate in this case.

We affirm the juvenile court decision terminating the mother's parental rights.

**AFFIRMED.**